JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARABED MARKARIAN, an individual,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>BMW OF NORTH AMERICA, LLC; and DOES 1 through 50, inclusive,<br><br>　　　　　　　Defendants. | Case No. 2:21-cv-09209-FLA (PVCx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. 18]** |

## **RULING**

Before the court is Plaintiff Garabed Markarian's ("Markarian" or "Plaintiff") Motion to Remand filed against Defendant BMW of North America, LLC ("BMW NA" or "Defendant"). Dkt. 18 ("Mot."). Defendant opposes the Motion. Dkt. 20 ("Opp'n").

On March 10, 2022, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for March 18, 2022. Dkt. 26; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15. For the reasons stated herein, the court grants the Motion and REMANDS the action to the Los Angeles Superior Court.

## BACKGROUND

Plaintiff filed this action in the Los Angeles Superior Court on August 18, 2021. Dkt. 1-1 at 3 ("Compl."). In his Complaint, Plaintiff alleges he leased a 2019 BMW 530e (the "Subject Vehicle") from Defendant on September 7, 2019. Compl. ¶ 12. According to Plaintiff, the Subject Vehicle began exhibiting problems with its sensors and braking system, which have caused the vehicle to indicate falsely that there are objects on the road, when none exist, and brake suddenly. *Id.* ¶ 13. Plaintiff asserts causes of action for violations of California's Consumers' Legal Remedies Act; breach of implied warranties under California's Song-Beverly Consumer Warranty Act; violations of California Business and Professions Code § 17200 et seq. (the Unfair Competition Law, "UCL"); and declaratory relief. *See generally id.* Plaintiff seeks, inter alia, actual damages, rescision of the purchase agreement, restitution, civil penalties, punitive damages, equitable and injunctive relief, and reasonable attorneys' fees. *See* Compl., Prayer for Relief.

On November 24, 2021, Defendant filed a Notice of Removal, invoking this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See generally* Dkt. 1 ("NOR"). Plaintiff now moves to remand the action to the Los Angeles Superior Court, arguing there is a lack of complete diversity between the parties. *See generally* Mot.

## DISCUSSION

**I.   Legal Standard**

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by [the] Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citations and quotation marks omitted). A defendant may only remove an action from state court to federal court if the plaintiff could have originally filed the action in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332 ("Section 1332"), a district court has original jurisdiction over a civil action where (1) the amount in controversy exceeds

the sum or value of $75,000, exclusive of interest and costs, and (2) the dispute is between "citizens of different States." Section 1332 requires "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). For diversity purposes, a limited liability company is a citizen of every state of which its members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

After removal, a plaintiff may challenge the allegations of the defendant's removal notice in either a "facial" or "factual" attack. *Leite v. Crane Co.*, 749 F.3d 1117, 1121-22 (9th Cir. 2014). "A facial attack accepts the truth of the [jurisdictional] allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Id.* at 1121 (internal quotation marks omitted). A factual attack "contests the truth of the ... factual allegations [regarding jurisdiction], usually by introducing evidence outside the pleadings." *Id.*; *see also Bashir v. Boeing Co.*, 245 F. App'x 574, 575 (9th Cir. 2007) ("Evidence outside the complaint and the removal notice may be consulted to determine if removal jurisdiction existed at the time of removal.").

The party invoking removal bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (citations omitted); *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) ("[T]he party asserting diversity jurisdiction bears the burden of proof."). "[I]t is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (citations omitted). "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus*, 980 F.2d at 566). A

3

removed action must be remanded to state court if the federal court determines it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

## II. Analysis[1]

Defendant removed this action invoking this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See generally* NOR. Plaintiff does not dispute that he is a citizen of California. *See generally* Mot.[2] The parties' sole dispute is whether Defendant may be considered a citizen of California which would destroy complete diversity between the parties. Mot. 4-6; Opp'n 3-4.[3]

Because Defendant is a limited liability company, the court must look at the citizenship of each of its members to determine Defendant's citizenship for diversity jurisdiction purposes.[4] *See Johnson*, 437 F.3d at 899. In its Notice of Removal,

---

[1] As an initial matter, Plaintiff fails to demonstrate compliance with Local Rule 7-3, which requires the parties to meet and confer "at least seven (7) days prior to the filing of the motion." Local Rule 7-3. Because Defendant does not raise this issue in its Opposition, the court will not deny the Motion on this basis. Nevertheless, the parties are advised that the court expects them to comply fully with all statutory requirements, court rules, and court orders, and that failure to so comply may result in the striking or dismissal of motions and other filings. *See, e.g.*, Local Rule 7-4 ("The Court may decline to consider a motion unless it meets the requirements of Local Rule 7-3 through 7-8.").

[2] Plaintiff does not dispute Defendant's allegations as to the amount-in-controversy being "at least" $76,828.32. NOR ¶ 7. The court, therefore, need not consider the sufficiency of the amount-in-controversy alleged. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) ("[A]t the pleading stage, allegations of jurisdictional fact need not be proven unless challenged.").

[3] As Defendant's Opposition lacks page numbers, the court will cite the Opposition by the page numbers added by the court's CM/ECF system. *See* Local Rule 11-3.3 (requiring all documents be numbered consecutively at the bottom of each page).

[4] In the Opposition, Defendant BMW NA appears to argue that it is both a limited liability company ("LLC") and a corporation. Opp'n 3-4 (recognizing "BMW NA is a Delaware limited liability company," but also arguing Defendant is not a citizen of California "[s]ince BMW NA is a corporation…"). As Defendant's company name

4

Defendant alleged complete diversity existed between the parties because Plaintiff is a citizen of California and BMW NA, the only named Defendant, is not a citizen of California. NOR ¶¶ 4-5. Specifically, Defendant alleged BMW NA is a limited liability company whose sole member, BMW (US) Holding Corporation ("BMW (US) Corp."), is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of New Jersey. *Id.* ¶ 5.

Plaintiff submits a copy of BMW NA's Statement of Information (LLC-12) and Attachment to the Statement of Information (LLC-12A) (collectively "Statement of Information"), which were filed with the California Secretary of State on June 6, 2018, as evidence that BMW (US) Corp. is not the sole member of BMW NA. Mot. 4; *id.*, Declaration of Armine Markosyan ("Markosyan Decl."), Ex. 3.[5] The Statement of Information lists "BMW (US) Holding Corporation" as a "Manager(s) or Member(s)" of BMW NA, and lists thereafter twenty-five individuals as "Additional Manager(s) or Members(s)" of the LLC. Markosyan Decl., Ex. 3.

Defendant does not present competing evidence in response, or argue that the Statement of Information is inaccurate, and argues only that complete diversity exists between Plaintiff and all of BMW NA's members. *See* Opp'n 3-4. Although Defendant argues the Statement of Information is not "current," Defendant does not

---

and Statement of Information with the California Secretary of State identify it as a LLC, the court will evaluate Defendant's citizenship as such.

[5] Defendant filed several objections to Plaintiff's proffered evidence. In particular, Defendant objects to Exhibit 3 on the grounds of lack of foundation, hearsay, authentication, unfair prejudice, argumentative, and lack of personal knowledge. *See* Dkt. 21 ("Def's Evid. Objs."), Objection No. 2. The court OVERRULES Defendant's objections to Exhibit 3. First, the Statement of Information is stamped filed by the Secretary of State for State of California and self-authenticating. *See* Fed. R. Evid. 902. Second, the Statement of Information falls under the hearsay exceptions for business records and public records. *See* Fed. R. Evid. 803(6), (8). Finally, the court finds the Statement of Information is not argumentative or unfairly prejudicial. Because the court does not rely on Plaintiff's other disputed evidence, Defendant's remaining objections are OVERRULED as moot.

5

present any evidence to establish that any information listed in the Statement of Information is inaccurate. Indeed, Defendant appears to concede that the individuals listed are members of BMW NA. *See* Opp'n 3 (stating "[a]ll the members listed in Exhibit 3 … have New Jersey addresses"). The court, therefore, finds Defendant has conceded that BMW (US) Corp. is not the sole member of BMW NA. *See Goroyan v. BMW of N. Am., LLC*, Case No. 2:21-cv-06203-ODW (SPx), 2021 WL 5411328, at *2 (finding BMW NA conceded it had multiple members where it did not argue in opposition to plaintiff's motion to remand that the Statement of Information was inaccurate or that BMW NA had only one member); *see also In v. BMW of N. Am., LLC*, Case No. 1:18-cv-01267-AWI-JLT, 2018 WL 6040764, at *2 (E.D. Cal. Nov. 19, 2018) (resolving all ambiguity in favor of remand where BMW's Statement of Information indicated twenty-five additional individuals listed as "manager(s) or members(s)," who were not disclosed in notice of removal).

Accordingly, the court finds Defendant's Notice of Removal failed to plead affirmatively the citizenship of each of BMW NA's members in the Notice of Removal, as required. *See Kanter v. Warner-Lambert Co.*, 265 F. 3d 853, 857-58 (9th Cir. 2001) (finding defendant failed to meet its burden of proving complete diversity and affirming remand where defendant failed to specify corporate citizenship of co-defendants); *see id.* at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."). This failure, alone, establishes sufficient grounds to remand the action. *Whitmire v. Victus Ltd. t/a Master Design Furniture,* 212 F.3d 885, 887 (5th Cir. 2000) ("[I]n a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed."); *see also, e.g.*, *In*, 2018 WL 6040764, *2 (granting remand where BMW NA failed to allege the citizenship of each member and did not demonstrate complete diversity through evidence).

Defendant argues that the individual members listed in the Statement of Information do not defeat complete diversity, because "[a]ll the members listed" in the Statement of Information have New Jersey "addresses" which "supports diversity of citizenship." Opp'n 3. The court disagrees.

The diversity jurisdiction statute "speaks of citizenship, not of residency." *Kanter*, 265 F.3d at 857; *see also* 28 U.S.C. § 1332(a)(1). It is well established that an individual's citizenship is determined by his state of domicile, and an individual's domicile is "her permanent home, where she resides with the intention to remain or which she intends to return." *Id.* Courts may consider several factors in determining an individuals' domicile, such as "current residence, voting registration and voting practices, location of personal and real property, location of brokerage or bank accounts," as well as "location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew*, 797 F.2d at 750.

The Statement of Information lists one address only for all of BMW NA's members (both BMW (US) Corp. and the individual members): 300 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07677. Markosyan Decl., Ex. 3. This is the same address listed as BMW NA's business address. *Id.* at 1. Defendant does not present any evidence to demonstrate that all the individual members have established their permanent home and residence at BMW NA's business address.[6] Defendant likewise has not provided any evidence to assist the court in determining where the individual members are domiciled.[7] The court, therefore, finds Defendant fails to meet its

---

[6] The Instructions for Completing the Statement of Information (Form LLC-12), *available at* https://www.dir.ca.gov/dlse/regulation_detail/FnLC/llc-12.pdf, state that the address listed on a Statement of Information may be a member's business or residential address.

[7] In contrast, Plaintiff presents evidence that suggests at least one of the individual members listed in the Statement of Information is domiciled in California. Markosyan

burden to establish complete diversity of citizenship exists between the parties. *See Gaus*, 980 F.2d at 566-67.

Defendant argues "Plaintiff has provided no evidence supporting its conclusion that any of BMW NA's members are citizens of California." Opp'n 4. As the removing party, however, it is Defendant—not Plaintiff—that has the burden to support its jurisdictional allegations on the subject Motion. *See, e.g.*, *Leite*, 749 F.3d at 1121-22 ("When [a party] raises a factual attack, the [party alleging subject matter jurisdiction] must support [its] jurisdictional allegations with 'competent proof….'"); *Lew*, 797 F.2d at 749 ("the party asserting diversity jurisdiction bears the burden of proof."). Defendant's argument, thus, fails.

In sum, the court finds remand is warranted because Defendant failed to satisfy its burden to demonstrate complete diversity between Plaintiff and BMW NA.[8]

## **CONCLUSION**

For the foregoing reasons, the court GRANTS Plaintiff's Motion and REMANDS the action to the Los Angeles Superior Court. All pending dates and deadlines are VACATED. The Clerk of the Court is instructed to close the action administratively.

IT IS SO ORDERED.

Dated: October 28, 2022

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　FERNANDO L. AENLLE-ROCHA
　　　　　　　　　　　　　　　　　　United States District Judge

---

Decl., Exs. 5 & 6. While the court need not and does not rely on this evidence, this further demonstrates that the individual members do not reside at the address listed as BMW NA's business address.

[8] Having found that remand is warranted on this basis, the court need not consider the parties' remaining arguments. *See* Mot. 5-6.